# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARLEN D. PRITCHARD et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00352-RCJ-WGC |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss. Plaintiff untimely responded. For the reasons given herein, the Court grants the motion.

## I.   THE PROPERTY

Arlen D. and Lamis M. Pritchard gave lender Countrywide Home Loans, Inc. a $460,000 promissory note to purchase real property at 15795 Fawn Ln., Reno, NV 89511 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Aug. 25, 2005, ECF No. 6-8). The trustee was Recontrust Co., N.A. and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*Id.* 2). Defendants note that this loan was a refinancing. Plaintiffs later took out

what appears to be a $301,000 cash loan against the Property with Nevada State Bank, and Western Title Co. is the trustee on the Cash Loan Deed of Trust ("CLDOT") securing that loan. (*See* CLDOT 1–2, Oct. 23, 2006, ECF No. 6-9).[1] Recontrust filed the notice of default ("NOD") on the DOT. (*See* NOD, Mar. 11, 2011, ECF No. 6-10).  The foreclosure was statutorily proper. *See* Nev. Rev. Stat. § 107.080(2)(c).

## II. ANALYSIS

The foreclosure was statutorily proper, so the section 108.070, quiet title, slander of title, bad faith, and abuse of process claims fail.  In the untimely opposition, Plaintiffs argue that securitization of a mortgage invalidates the security interest, but they cite to no authority for this proposition.  Securitization is merely a complex way of transferring the beneficial interest in the debt.  The security interest follows the debt.  So long as the fractional interest holders of the debt are not squabbling amongst themselves over whether to initiate foreclosure versus sue on the note or take no action at all, the trustee presumably represents their collective will.  Next, Plaintiffs argue that the Restatement (Third) of Property (Mortgages) § 5.4 stands for the proposition that assigning a deed of trust without also assigning the note renders the deed of trust unenforceable.  This Court has applied this rule (the "Traditional Rule") under the assumption that the Nevada Supreme Court would adopt it, but the Restatement in fact stands for the exact opposite proposition, and if the Nevada Supreme Court were to adopt the Restatement's position, the separate transfer of a deed of trust would transfer the note by operation of law, and the deed of trust would not become unenforceable.  Section 5.4 of the Restatement proposes that the assignment of a note or deed of trust effectively assigns both instruments, making them as a default rule *legally impossible* to split such that the note becomes unsecured and the deed of trust

---

[1] Defendants allege the loan was for $301,000, although the CLDOT does not itself list the amount.

unenforceable. *See* Restatement (Third) of Property (Mortgages) § 5.4(a)–(b). Plaintiff cites to a comment thereunder that notes that when the note and deed of trust are "split," the note becomes unsecured. That comment, however, is not the *proposed rule* of the Restatement, but *an explanation of the problem that the Restatement proposes to fix*. Counsel cites to this comment out of context without citing to § 5.4(b) itself, which is directly contrary to his position that a separate transfer of a deed of trust leaves a note unsecured. The comment Plaintiff cites specifically notes that the Traditional Rule is "economically wasteful and confers an unwarranted windfall on the mortgagor." In any case, there appears to have been no assignment of either the note or DOT in this case, and in cases this Court has seen where there is a transfer to be accounted for, the transferor typically assigns "the beneficial interest under the deed of trust," which language shows an intent to transfer either the note or both the note and the deed of trust, but certainly not the deed of trust alone.

Finally, foreclosure does not constitute "debt collection" under the state or federal fair debt collection statutes, and the claims for deceptive trade practices, unfair lending practices, and fraud fail under the respective statutes of limitations.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED and the lis pendens is EXPUNGED.

IT IS SO ORDERED.

Dated this 12th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge